HOWELL, Defendant in Error, v. BELL, *et al.*, INTERPLEADERS, Plaintiffs in Error.

1. A stipulation in a deed of trust of land and slaves, which is duly recorded, that the grantor shall remain in possession of the property conveyed until the maturity of the debt secured, does not of itself render such deed of trust void on its face as to creditors by constituting it a conveyance to the use of the grantor within the meaning of the first section of the act concerning fraudulent conveyances.

*Error to St. Charles Circuit Court.*

Francis Howell instituted suit by attachment against Andrew J. Coshow and William Coshow, and levied the attachment upon certain slaves. James Bell, Abraham S. Matson and George Murdock interpleaded, claiming said slaves by virtue of a certain deed of conveyance executed by William Coshow and wife before the date of the attachment. At the trial of the issue raised upon the interplea, the plaintiffs in the interplea offered in evidence said deed of conveyance. This deed, so far as it is necessary to set it forth, is as follows: "This deed, made and entered into this twentieth day of May, 1858, by and between William Coshow and Elizabeth his wife, of, &c., parties of the first part, and James Bell and Abraham S. Matson, of, &c., parties of the second part, and George Murdock, of, &c., party of the third part, witnesseth, that the said parties of the first part, in consideration of the debt and trust, &c., do, by these presents, grant, bargain and sell, convey and confirm unto the said parties of the second part, the following described real estate situated in the county and state aforesaid, to-wit: [describing it]; also the following described personal property [describing the negro slaves upon whom the attachment had been levied]. To have and to hold the same, with the appurtenances, to the said parties of the second part and to their assigns legally constituted according to the effect of this conveyance, forever. In trust, however, for the following purposes: Where-

as the said William Coshow is justly indebted to the party of the third part upon a certain promissory note by him executed and delivered to the said party of the third part, as follows, to-wit: for the sum of $15,000, due thirteen months after date, with interest at the rate of ten per cent. per annum from date till paid. Now if the said promissory note shall be well and truly paid and satisfied at maturity, with the interest as aforesaid to its true tenor and effect, then this deed shall be void, and the property hereinbefore conveyed shall be released at the cost of the said parties of the first part; but if default shall be made in the payment of said note or of the interest due thereon or any part thereof, then this deed shall remain in force, and the said parties of the second part or either of them may take possession of said property, (it having been left in possession of the said party of the first part until the sale hereinafter mentioned,) may proceed to sell," &c. This deed was recorded May 21, 1858.

The introduction of this deed was objected to on the ground that it was fraudulent on its face. The court sustained the objection. The interpleaders then suffered a nonsuit, with leave, &c.

*Broadhead, Bates, Lewis* and *Alexander*, for plaintiffs in error.

I. The deed in question is not a conveyance to the use of the grantor. There is no power to dispose of the property or to change its nature; in other words, it is not a mere colorable conveyance, by which nominally the trustee has the property, but really the grantor has the whole title. (See Brooks v. Wimer, 20 Mo. 506; 11 Mo. 369; 20 Mo. 468.) To make the conveyance void on the ground of fraud, it must be to the sole use of the grantor. (See Stanley v. Bunce, 17 Mo. 269; 15 N. Y. 122; 17 Barb. 309; Burr. on Assign. 436; 16 Ala. 560; 22 Ala. 238.) If this deed be void, then all mortgages and deeds of trust are void. By the very terms of the eighth section of the act concerning

fraudulent conveyances, the grantor may remain in the possession of the property.

*Knox & Kellogg*, *C. Wells* and *Hinman*, for defendant in error.

I. The deed is void as creating a trust to the use of the party making it. (R. C. 1855, p. 802; 27 Mo. 270; 24 Mo. 575, 20 Mo. 503; 15 Mo. 459; 2 Swan, 208; 26 Ala. 172; 27 Al. 336; 2 Conn. 211; 12 Gratt. 208; 18 Ala. 734.) At all events it is void as to the personal property therein conveyed, and if void in part it is void altogether. (5 Cushm. 481; 7 Gill, 446.)

NAPTON, Judge, delivered the opinion of the court.

The only question in this case is whether a deed of trust conveying certain lands and slaves to a trustee to secure the payment of a debt due the *cestui que trust*, with a power in the trustee to sell upon the maturity of the debt, is void upon its face by reason of a stipulation in it that the grantor should retain possession of the property conveyed until the expiration of the credit agreed on; and our opinion is, that such a reservation does not vitiate the deed.

The cases decided by this court upon the construction of the first section of the statute concerning fraudulent conveyances do not lead to the conclusion that the mere retention of possession in the grantor of property conveyed in trust, whether expressly authorized by the terms of the deed or not, is in itself a fraud. Much less is it to be inferred that an express stipulation in the deed to this effect makes the deed fraudulent on its face. Although this privilege of retaining possession is to some extent beneficial to the grantor, it is not such a benefit as makes the deed a trust to the use of the grantor.

The distinction between this privilege and the reservation of a power to sell or dispose of all the property embraced in the conveyance is obvious enough. Where a stock of goods is conveyed, and the grantor reserves, not only the posses-

sion, but the right to dispose of them all; or, where the property conveyed is of a character which would be consumed in the use, the deeds may well be said to be in trust to the use of the persons making them. But the retention of the possession of a tract of land and a number of slaves, conveyed to a trustee to secure a debt, is altogether consistent with actual good faith, and entirely promotive in any contingency of the substantial interests of the grantee. The creditor may be really benefited by such an arrangement, and can not be injured, whilst the debtor is better enabled to pay off his debt.

But we do not consider this question as open to argument or authority, for it seems to us that the statute itself has settled it. The eighth section of the act provides that, where possession does not accompany a mortgage or a deed of trust, the deed must be recorded in order to be valid. This section is a legislative interpretation of the first section, and amounts to a declaration that retention of possession by the grantor in a deed of trust or mortgage is not a trust in the grantor within the first section of the act; for all deeds which fall within the first section are void as against creditors, whether recorded or not. But as the deeds of trust, where possession is left in the grantor, may be valid if recorded, it follows that the mere circumstance of retaining possession is not understood to be a decisive mark of fraud such as to render a deed void upon its face as a matter of law. Judge Ewing concurring, judgment reversed and cause remanded. Judge Scott absent.