SAMUEL C. W. MILLER, Defendant in Error, *v.* JOHN WHITSON AND JAMES B. MAUPIN, Plaintiffs in Error.

40    97
148   485
40    97
84a  621

1. *Fradulent Conveyances — Recording — Practice — Fraud.*—Under the statute of Fraudulent Conveyances, R. C. 1855, p. 802, § 8, the recording of a mortgage or deed of trust of personal property imparts notice to all subsequent claimants of the title of the mortgagee, although possession do not accompany the deed. The acknowledgment and recording of the deed removes the presumption of fraud arising from the possession not accompanying the deed. The deed imparts notice from the time of its being filed for record—R. C. 1855, p. 364, § 41.

2. *Practice—Replevin—Damages.*—If in an action for the delivery of personal property the verdict be for the defendant, the measure of damages will be the value of the property at the time of its taking under the writ, with legal interest thereon up to the time of trial.

3. *Practice—New Trials—Newly discovered Evidence.*—An application for new trial upon the ground of newly discovered evidence must show that the party has used all due diligence, and that the evidence is competent, material, and not cumulative.

*Error to St. Louis Circuit Court.*

Upon the trial of the case, the plaintiff asked the following instructions:

1. After the execution and recording of the mortgage deed from John W. Miller to Samuel C. W. Miller, Samuel C. W. Miller had the right to leave John W. Miller in possession of the property, and such possession by John W. Miller is not of itself evidence of fraud in the execution of the deed of mortgage.

3. If the sheriff of Franklin county, on the day this suit was brought, had the property sued for in his possession, and sold the same under an execution against John W. Miller, and defendant Maupin was present and purchased the prop-

erty, and it was then present and was claimed by said Maupin at the time of the sale and seizure herein, and it was not in the possession of any other person, then said Maupin had the possession of this property for the purposes of this suit.

3. A person in failing circumstances has the right to prefer and secure one creditor as security over the others, even although such others may not be paid; and if the mortgage read in evidence was made to secure Samuel Miller for liabilities as security for John Miller, and was accepted by Samuel Miller in good faith to secure him, then said mortgage was legal and not fraudulent.

4. It makes no difference what was the intention of John Miller in making said mortgage, if Samuel Miller took and held in good faith to secure him in his liabilities for John Miller; and no fraudulent or improper intention of John Miller not participated in by him can affect his rights under said mortgage.

All of which were given by the court.

Defendants asked the court to give the following instructions:

1. The jury are instructed that unless it appears in evidence that defendants had possession of the property in question at the time the same was taken by the sheriff under the writ of replevin, plaintiff cannot recover.

2. Unless the jury believe from the evidence that at the time of the replevin the defendant Maupin was in possession of the property seized, the plaintiff is not entitled to recover as against Maupin.

3. If the jury find for plaintiff, they can find against one or both of the defendants, as the evidence may warrant.

4. If the jury find for the defendants, they will find also the value of the property in controversy at the time the sheriff took it under the order in this suit, and also the damages, if any, sustained by the defendants, by reason of said property being taken from them, from the time of such taking to this date.

5. If the jury believe from the evidence that the conveyance by John Miller to plaintiff was made for the purpose of defrauding, hindering or delaying his creditors, and if they believe also that plaintiff was conversant with this intention, they will find for defendants.

All of which were given by the court.

Defendants also asked the following additional instructions:

6. The jury, if they find for the defendants, may give such damages as they may think the use of the property is reasonably worth.

7. The jury are instructed that the continued possession of the property after the mortgage was given by John Miller was presumptive evidence of fraud, and becomes conclusive, unless they believe that plaintiff has shown that the mortgage was made in good faith and without fraudulent intent.

8. The insertion of a provision in a deed of trust or mortgage entitling the grantor to remain in possession of the property mortgaged, is fraudulent upon its face and void, and that provision in the contract may be proved if not inserted in the instrument.

9. Unless defendant Maupin had notice of the existence of the mortgage to Miller at or previous to his purchase of the property at the sheriff's sale, his right to the property is not affected by the mortgage.

Which instructions were refused by the court.

The jury found a verdict for the plaintiff.

There were affidavits of newly discovered testimony accompanying the motion for a new trial, but the motion was overruled by the court.

*Sharp & Broadhead*, for plaintiffs in error.

There seems to be but one question raised by the refusal of the court to give the last four instructions asked by the appellants, and that is as to whether the possession of the property mortgaged by the mortgagor was legitimate and consistent with good faith on the part of the plaintiff. This

question has been expressly decided by this court—Howell v. Bell, 29 Mo. 137 ; R. C. 1855, p. 804, § 8.

The 9th instruction asked by defendants was very property refused, because, if recorded, the record imparted notice to all the world, by the provisions of the 8th section of the statute above referred to.

*Jas. B. Goff*, for defendant in error.

FAGG, Judge, delivered the opinion of the court.

The transcript of this record and proceedings in this case are of such a character as not to present very clearly the questions upon which the opinion of the court may be required.

We do not feel authorized to go back of the amended petition filed in the month of May, 1864. Many errors are complained of in the progress of the case up to that time. The defendants, however, filed their answer to this amended petition, and the case was tried upon the issues thus presented. The suit was brought in Franklin county and removed by change of venue to the St. Louis Circuit Court, where there was a trial had which resulted in a verdict and judgment for the plaintiff, to reverse which the defendants have sued out their writ of error.

The plaintiff Miller claimed the property sued *for* (being altogether personalty) by virtue of a mortgage executed in his favor by John W. Miller.

The defendant Whitson, being an execution creditor of the mortgagor, directed the sheriff of Franklin county to levy upon this property after the date of the filing of the mortgage for record, which was done. The other defendant, Maupin, became the purchaser of the same property at the sheriff's sale.

The defendant having put in issue simply the right of the plaintiff to the property, and the trial having proceeded mainly upon the idea that the only question to be determined by the jury was whether the claim set up in the petition was

rightful or not, we proceed to inquire whether any of the objections urged by the plaintiffs in error are well taken.

The instructions given both for the plaintiffs and defendants are in the main unexceptionable. Four instructions asked by the defendants, however, were refused and exceptions duly taken. These relate to the questions, first, of the measure of damages which ought to have been assessed by the jury in favor of the defendants in the event of a verdict for them; second, as to the presumption of fraud arising from the possession of the mortgaged property by the mortgagor; and third, to the question of notice to the defendant Maupin.

1. It is well settled by the decisions of this court that the measure of damages in such cases, when the finding of the jury is for the defendant, is the value of the property when taken, with legal interest thereon to time of trial. The use of the property, therefore, should constitute no part of the damages, and the instruction upon that point was clearly wrong.

The instructions upon the other two points may be examined together, as they both depend upon whether the mortgage was recorded or not. Section 8 of the "Act concerning fraudulent conveyances" (R. C. 1855, p. 802) received such a construction by this court in the case of Howell v. Bell, 29 Mo. 135, as to settle all controversy upon this question. It is provided by that section that where possession does not accompany a deed of trust or mortgage of personal property, the deed must be recorded to make it valid as to all persons other than the parties thereto. In the case referred to, it was said by Judge Napton, in delivering the opinion of the court, that "this section is a legislative interpretation of the first section, and amounts to a declaration that retention of possession by the grantor in a deed of trust or mortgage is not a trust in the grantor within the first section of the act." If the mortgage under which the plaintiff claimed the property was recorded, then the law presumes notice of the conveyance as to all persons whatsoever, and

the possession of the property by the mortgagor could deceive no one as to the question of its ownership. This conveyance is preserved in the bill of exceptions and shows no irregularity upon its face. It seems to have been duly acknowledged and filed for record in the office of the recorder of land titles for the county of Franklin, March 13, 1861. The sale occurred on the second day of April following. The section just considered directs further, that conveyances of this character shall be "acknowledged or proved and recorded in the county in which the mortgagor or grantor resides, in such manner as conveyances of lands are by law directed to be acknowledged or proved and recorded."

Section 41 of the "Act regulating conveyances" (R. C. 1855, p. 364) is as follows: "Every such instrument in writing, certified and recorded in the manner hereinbefore prescribed, *shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof, and all subsequent purchasers and mortgagees shall be deemed in law and equity to purchase with notice.*"

It would seem necessarily to follow—although not expressly declared by the statute—that at the time at which notice of these conveyances of personalty would be deemed to be imparted to the whole world must also date from the filing of the instrument with the recorder.

Some objection was made in the case to the certificate of the recorder, but it sufficiently appeared from the endorsements made by him that it was filed at the time heretofore stated. The failure of the officer to certify the fact under his seal of office, and with all the formality required by law, could make but little difference as to the question of notice. His certificate of the date of filing showed it to be prior to the sale, and the defendant Maupin must be considered as a purchaser with notice. The instructions upon the last two points considered were therefore erroneous, and the court properly refused them.

The last point for consideration is the application made by defendants for a new trial upon the ground of newly dis-

covered evidence. Both of the defendants filed affidavits substantially to the same effect. Material and competent evidence was claimed to have been discovered soon after the the trial, accompanied by a statement tending to show a sufficient degree of diligence on the part of each of the parties. It was also stated that there was not sufficient time to procure the affidavits of the witnesses themselves before the time fixed for the hearing of the motion. The record does not show the date upon which the court finally passed upon the motion, and we are therefore not in a position to determine whether its action in this particular was wrong or not. The proper inference to be drawn is that this portion of the application was not sustained by the facts, and that the diligence of the parties previous to the trial was not sufficient to enable them to derive any benefit from the discovery.

These applications, almost without an exception, are regarded by the courts with suspicion. A party should be held to the strictest accountability for a failure to ferret out previous to the trial the proofs necessary to sustain his case. As to the facts which it is alleged could be proved by the testimony of Judge Owens, it is enough to say that it was not competent to prove them in that way. If the records of the court were in any manner deficient, the deficiency might have been supplied by taking the proper steps. The testimony of the other witnesses mentioned could only affect the question of the fraudulent intent of the parties to the mortgage, and was simply cumulative in its character. The testimony of several witnesses in the course of the trial presented facts tending to impeach the conveyance to the plaintiff and to affect him with notice of the fraudulent intent of the grantor. The instructions of the court placed the whole matter before the jury in a light as strong as the circumstances would permit, and we will not undertake to say this newly discovered evidence, being merely cumulative upon that point, could have changed the result.

The other judges concurring, the judgment of the Circuit Court will be affirmed.