FRANK SHENUIT, Respondent, *v.* THEODORE BREUGGE-
STRADT, Appellant.

November 18, 1879.

1. The mere fact that the testimony of two witnesses is contradictory will not warrant an instruction that if any witness has sworn falsely to any material fact, the jury may discredit the testimony of such witness as to any fact in the case.

2. Where an instruction of this character is warranted by the facts, it can be given only on the hypothesis that the witness knowingly testified to an untruth.

3. Where the plaintiff in replevin is deprived of specific personal property having no special value in use, the measure of damages, where there is no depreciation, is legal interest on the value of the goods from the date of the demand to the taking under the writ.

4. Where the verdict is for the defendant, the measure of damages is the value of the property at the time of the taking, with legal interest to the date of the trial.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

A. A. PAXSON and HERMANN & ROBERTSON, for the appellant: An instruction which allows the jury to find such damages as they may believe the party has sustained, is erroneous. — *Wright* v. *Jacobs*, 61 Mo. 23; *Armstrong* v. *City*, 3 Mo. App. 106. An instruction allowing the jury to discredit the whole of a witness's testimony, found to be false in one material particular, must include the hypothesis of the witness's knowledge of its falsity. — *Paulette* v. *Brown*, 45 Mo. 52; *The State* v. *Brown*, 64 Mo. 374; *Bank* v. *Murdock*, 62 Mo. 74. As to excessive damages, see *Bosse* v. *Thomas*, 3 Mo. App. 480; *Armstrong* v. *City*, 3 Mo. App. 106.

W. H. H. RUSSELL, for the respondent.

HAYDEN, J., delivered the opinion of the court.

This is an action of replevin, in which the defendant was a mere bailee, the real claimant of the property being one

Annie Brueggestradt, the married daughter of the plaintiff. The material question was whether the property was included in certain chattels which the father had given or sold to his daughter. There was judgment for the plaintiff.

The plaintiff and the claimant directly contradicted each other on the issue just stated, and upon this basis the court gave, at the plaintiff's request, an instruction to the effect that if any witness in the case had testified falsely to any material fact, the jury might discredit the testimony of such witness upon any material fact in the case. This was an insufficient foundation for the giving of the instruction, while the declaration of law itself was erroneous, as omitting the element of the witnesses' knowledge. *Bank* v. *Murdock*, 62 Mo. 74. Here was no such basis laid for the giving of the proper instruction as in the recent case of *Peckham* v. *Glass Company*, 7 Mo. App. 563, where, there being facts tending strongly to show a wilful falsification, its refusal was held error. The instruction by which the jury were told that if they found for the plaintiff (who retained the property), they would assess such damages for the detention as they might think, from all the circumstances of the case, the plaintiff ought to recover, was obviously wrong. It left the jury to go by their own fancy; and this they appear to have followed, for they gave $63 more than the plaintiff claimed, occasioning a remission of damages. Where the plaintiff is deprived of the use of specific personal property, he would naturally recover the value of the use; and in case of certain articles of special value in use, this must be a basis of recovery. But in cases like the present, of ordinary articles of personal property having no such special value, the measure of damages for detention, where there is no depreciation, is legal interest on the value of the property from the date of the plaintiff's demand to the date of the taking under the writ. If the verdict, on the other hand, is for the defendant, the measure of damages is the

value of the property at the time of the officer's taking, and legal interest on that amount to the date of the trial.    *Miller* v. *Whitson*, 40 Mo. 97 ; *Hutchins* v. *Buckner*, 3 Mo. App. 594.

The evidence in regard to the arrest and imprisonment of the plaintiff should not have been admitted.    It had no bearing on the issues, and tended to prejudice the jury.

The judgment is reversed and the cause remanded for a new trial.    All the judges concur.