J. N. MORRISON, Respondent, v. C. D. YANCEY ET AL.,
Appellants.

St. Louis Court of Appeals, December 21, 1886.

1. REPLEVIN—ACTION ON BOND.—The cause having been dismissed
because of the plaintiff's failure to give an additional replevin
bond, and an assessment of damages on the bond having been pre-
vented by the plaintiff's conduct, such failure of assessment will
not prevent the defendant from maintaining an independent action
on the bond against the plaintiff and his sureties.

2. DAMAGES—ELEMENTS OF MATTER OF LAW.—Where the evidence
furnishes no elements for the admeasurement of damages, it is
error to tell the jury that they may give such damages to the plain-
tiff as they may find he has suffered.

APPEAL from the St. Louis Circuit Court, DANIEL
DILLON, Judge.

*Reversed and remanded.*

TORREY & GIVAN, for the appellants: The defend-
ant in a replevin suit, who fails to have his damages as-
sessed in that suit, can not maintain an action against the
plaintiff and his sureties on the replevin bond for damages.
*White v. Van Houten,* 51 Mo. 577 ; *Hohenthals v. Watson,*
28 Mo. 360 ; *Farley v. Bryant,* 34 Mo. 512 ; *Boutell v.
Warne,* 62 Mo. 350 ; *Dougherty v. Cooper,* 77 Mo. 535.
If there was sufficient evidence to justify the court in
submitting the cause to the jury it should have been
directed as to the measure of damages. *Shenuit v.
Brueggestradt,* 8 Mo. App. 46 ; *Pope v. Jenkins,* 30
Mo. 528; *Chapman v. Kerr,* 80 Mo. 158; *Mix v.
Kepner,* 81 Mo. 96.

FRANK M. ESTES, for the respondent: The court,
having failed to assess the damages when suit in re-

plevin was dismissed, or to render judgment for the return of the property, the defendant in that action, and the plaintiff in this, is entitled to judgment on the bond for all damages sustained. *Elliott v. Black*, 45 Mo. 372; *Berghoff v. Heckwolf*, 26 Mo. 512; *Hansard v. Reed*, 29 Mo. 472; *The State ex rel. v. Six*, 80 Mo. 64; *Collins v. Hough*, 26 Mo. 149. In a suit on a replevin bond, the obligors can not avail themselves of the failure of the court to render the alternative judgment, for the return of the property or its value. *The State ex rel. v. Dunn*, 60 Mo. 64; Wells on Replevin (1880), sect. 423; *Robbins v. Foster*, 20 Mo. App. 519.

ROMBAUER, J., delivered the opinion of the court.

The facts of the case, as claimed by the plaintiff, are briefly stated as follows:    In 1878 the defendant, Yancey, brought an action of replevin in the Wayne county circuit court, to recover a locomotive engine, and executed a bond in the penal sum of five hundred dollars with his present co-defendant as surety.

The suit was dismissed in 1878 by the court, without any trial on the merits, for failure on the part of Yancey to file an additional replevin bond, but no order was made for the return of the property, nor was any inquiry of damages had, the cause being continued for that purpose to a succeeding term. At a succeeding term of the Wayne county circuit court, the venue of the cause was changed to Iron County, upon the application of Yancey, and thereafter upon a motion made by the same party, in the Iron county circuit court, the cause was stricken from the docket of that court, on the ground that the change of its venue was improvidently and illegally made.

The present action is upon the replevin bond against the defendant, Yancey, and his surety, and the breach assigned is that he failed to prosecute the action with effect and without delay.

In the trial court the plaintiff had judgment for five hundred dollars damages.

The first error assigned by the defendants appealing is that the court refused to instruct the jury, as requested by the defendants, that a judgment for the return of the property and an assessment of damages by the Wayne county circuit court was a condition precedent to the maintenance of this action.

This objection goes to the foundation of the entire proceeding. It is based upon sections from 3852 to 3855 of the Revised Statutes, and finds its main support in the case of *White v. Van Houten* (51 Mo. 577), where it was distinctly held that the damages are incidental to the main action, and where a replevin suit is prosecuted to judgment, all questions of value, damages, and costs must be determined in the same proceeding, and where that is not done an action on the bond can not be sustained.

It was said in that case that the case of *Berghoff v. Heckwolf* (26 Mo. 511), was an action instituted under the code of 1849, and the replevin act of 1845, but the case was distinguished from the case then at bar, and not distinctly overruled. On the other hand, in *Elliott v. Black* (45 Mo. 372), decided under the same statute as *White v. Van Houten*, the case of *Berghoff v. Heckwolf* is quoted with approval, the court stating that, where the complainant in a replevin suit fails to prosecute his suit to a successful issue, that failure constitutes a breach of the conditions of his return bond, and warrants a suit upon it, although there may have been no judgment in the replevin suit either for damages or a return of the property.

That the opinions filed in *Elliott v. Black* and *White v. Van Houten*, are irreconcilable in some of their details is apparent, but while it is the duty of this court to follow the last controlling decision of the supreme court, a proper respect for that court demands that we should endeavor to reconcile the apparent con-

flict, if such can be done. It can be done in this instance-
upon the facts distinguishing the two cases. In *Berghoff
v. Heckwolf*, as well as in *Elliott v. Black*, the re-
plevin suit was not formally tried, in one the plaintiff
took a voluntary non-suit and in the other his suit was-
dismissed by the court, whereas in *White v. Van Hou-
ten* there was a trial by jury and final judgment deter-
mining the rights of the parties.

Applying the law as deducible from all these cases
to the facts of the case at bar it results that the plaintiff
was not debarred of his action on the bond by the fact-
that he failed to have his damages assessed in the re-
plevin suit. That suit was dismissed for the plaintiff's-
failure to file a sufficient bond, and being continued for an
assessment of damages, was illegally removed upon the-
plaintiff's motion from the Wayne to the Iron circuit, and
in the latter circuit upon the plaintiff's motion, stricken
from the docket because illegally removed. It was the
plaintiff, who, by his own action, prevented an assess-
ment of damages in the replevin suit, and he is estopped
from asserting that the non-assessment of damages in
that suit is a bar to the present action.

It results that the first error assigned by the appel-
lants is not well assigned.

The next complaint the appellants make is that the
court admitted illegal testimony against their objection.
This relates to the admission in evidence of the trans-
cript of the record in the replevin suit, certified to by
the clerk of the Iron county circuit court.

The certificate of that clerk does not show that the
transcript is a copy of any original papers on file in his-
court, transmitted to him from the Wayne circuit court,
but as far as all the proceedings in the Wayne circuit
are concerned, it purports to be merely a transcript of a-
transcript.

It would seem that when the venue of the cause
was changed to Iron county, the clerk of the Wayne-

circuit court, instead of transmitting to the clerk of the Iron circuit court a transcript of the record, and the original papers not part of the record proper, and on file in said cause, as required by Revised Statutes, section 3735, transmitted to him a mere transcript of all the papers, and the transcript objected to was a transcript of such transcript.

Under these circumstances the defendant's objection would have been well taken if confined to the transcript of the original papers, and placed upon the proper ground when the transcript of such papers was offered in evidence. But the objections, as confined to such parts of the transcript, were not sufficiently specific to be entitled to consideration, and, as affecting the entire transcript, were untenable, because parts of it were clearly admissible.

Where evidence is admissible for any purpose, the court is bound to admit it; its effect the opposite party may limit by instruction. *Soulard v. Clark*, 19 Mo. 570, 578; *Union Sav. Ass'n v. Edwards*, 47 Mo. 445, 449. The defendants in this case did endeavor so to limit it by asking the court to instruct the jury, " not to consider so much of the evidence offered as purports to be certified copies of the record and proceedings in the case of *Yancey v. Morrison*, in the circuit court of Wayne county," but the limitation thus attempted was too broad, because the transcript, as far as it purported to be one of a certified copy of the *record proper*, was, under the ruling of the court, in *Bettis v. Logan* (2 Mo. 2), clearly admissible.

We, therefore, find no error in this part of the case.

But the instruction of the court on the question of damages was clearly erroneous, and prejudicial to the defendants.

On that subject the only testimony was that of the plaintiff, and of one Hayes, formerly the master mechanic of the St. Louis & Iron Mountain Railroad. The latter testified that the locomotive in question was worth about

eight thousand dollars, and that such engines rented for two hundred and fifty dollars a month, and that the engine, as far as he knew, had never been out of the possession of the railway company.

The plaintiff himself testified that the engine was taken out of his possession by Yancey, who held it for about ten months. That the plaintiff got permission from the station agent to keep the engine in the round house, and kept it there locked up. There was no pretense that the plaintiff could have rented the engine to anybody, or, as far as the testimony shows, made any use of it whatever, except to keep it locked up in the round house as he did. This being all the evidence on the subject the court instructed the jury as follows, and this was the only instruction which the court gave to them:

"The court instructs the jury that they will assess the plaintiff's damages in such sum as they believe, from the evidence, the plaintiff sustained, by the taking and detaining of the engine in controversy for the time such property was detained from the defendant under the writ of replevin read in evidence, not exceeding, however, the sum of five hundred dollars."

A similar instruction was given in the case of *Shenuit v. Brueggestradt* (8 Mo. App. 47), where this court said that the instruction left the jury to go by their own fancy, which they evidently did. They had evidently nothing else to go by in this case, as we have searched the record in vain to find any evidence therein which could have aided the jury to admeasure the damages, according to any standard known to the law.

What are proper elements of damages in any action is a question of law and not of fact, and the court should instruct the jury as to such elements. Where the testimony fails to disclose any definite damages, the court should instruct the jury to find for the plaintiff in nominal damages only.

For this error the judgment is reversed and the cause remanded. All the judges concur.