W. P. WILLIAMS, Respondent, v. DENT IRON COMPANY, Appellant.

St. Louis Court of Appeals, May 8, 1888.

1. PRACTICE—FORMER RECOVERY.—Upon a plea of former recovery, if the matters in issue could have been introduced in the former trial, a presumption will arise that they were so. But this presumption may be rebutted by proof that, the plaintiff being entitled to successive rights of action for continuous trespasses, the former controversy was confined to a period not embraced in the present litigation.

2. NUISANCE—MEASURE OF DAMAGES. — In an action for damages caused by the flowing of obnoxious waters by the defendant upon the plaintiff's premises, wherein the plaintiff claims only general damages, the measure of damages is the injury to the rental value of the plaintiff's property. Even if special damages were claimed, it would be error to permit the plaintiff to testify that he was damaged to a certain amount in a certain way, instead of proving the special facts and leaving the jury to infer the amount of the damages.

3. MEASURE OF DAMAGES—INSTRUCTIONS.—The measure of damages is a question of law, and it is error so to instruct the jury that they may determine both the measure of damages and the amount of the plaintiff's loss.

APPEAL from the Dent Circuit Court, HON. THOMAS A. BRUCE, Judge.

*Reversed and remanded.*

L. B. WOODSIDE, for the appellant: The measure of damages is a matter of law to be decided by the court, and whenever it shall appear that the jury have disregarded the instructions in this respect the verdict will not be permitted to stand. Sedg. on Meas. of Dam. [6 Ed.] 768. The measure of damages in the case was the loss to the rental value of the property for the time, and the court erred in refusing to permit defendant to show that value. *Pinney v. Berry*, 61 Mo. 360.

The court erred in permitting the plaintiff to answer the question how much he was damaged by the contamination of the water. The answer to the question could be but a mere opinion or estimate. The witness is to testify to facts which he has seen or heard; his opinion is not to be given, for it is the opinion of the jury on the testimony which forms the verdict. Sedg. on Meas. of Dam. 748. The general rule which requires a witness to speak facts within his knowledge is applied to the subject of compensation. The damage must be proved like any other fact in the cause, and no testimony amounting to a mere opinion is competent. Sedgwick on Measure of Damages [6 Ed.] 749. The court erred in permitting plaintiff to show what testimony was introduced before justice Malone at the time the judgment was rendered, which was pleaded in bar of this action, and erred in refusing plaintiff's instruction number one. The petitions in the two cases were identical and the same facts might have been proved under either. The former judgment was by default. The neglect of a defendant to answer and a decree *pro confesso* are equivalent to an admission of the allegations of the bill as to all parties against whom such a decree passes. 6 Wait's Act. and Def. 771. The principle that, whenever a matter is adjudicated and finally determined by a competent tribunal it is considered as forever at rest, embraces not only what was actually determined, but it extends to every other matter which, under the issues, might have been litigated and decided in the suit. 6 Wait's Act. and Def. 786, and cases therein cited ; *Danaher v. Prentice*, 22 Wis. 311; *Parkhurst v. Summer*, 23 Ver. 538; *Phelan v. Gardner*, 43 Cal. 306; *Petersine v. Thomas*, 28 Ohio St. 596. When the parties and proceedings are identical and the court which first determined the controversy had jurisdiction, such determination presents a plain case of *res adjudicata*, although the suit first determined was commenced last. *Poorman v. Mitchell*, 48 Mo. 45. When the record does not positively show what was passed upon,

parol evidence may be introduced. *Spradling v. Conway*, 51 Mo. 51. But in this case the record showed that everything embraced in the petition was included in the judgment, and parol evidence cannot be introduced to contradict the record. *Sweet v. Maupin*, 65 Mo. 65.

J. R. CALLAHAN, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff filed a statement before a justice of the peace August 23, 1887, asking for one hundred and fifty dollars damages averred to be caused to him by the following state of facts :

Plaintiff is the owner of a three-acre lot of ground situated on a channel or ravine below defendant's mine, and complains that the defendant "pumps water by means of a steam engine and pump from a pond of water where the ore and dirt was taken out of said mine, and throws it on the iron dump and in the jigs, and the mud, iron ore, and water run down the natural channel and ravine upon and through and across plaintiff's land and make the water so muddy and so tinge it with iron ore that stock will not drink it, and also has damaged the stock lot of ground."

The complaint then proceeds as follows : "Plaintiff states that just above his land and between his land and the iron mine there is a natural spring of water running out of the ground and across plaintiff's land, which water plaintiff has had the use of for more than twenty years and that the mud and iron ore and muddy water come down the ravine and branch and cross his land and mix up with the water from the said spring and destroy its use for stock water, and plaintiff states that he uses his land as above described for a stock lot and pasture, and that on account of the water on same being made unfit for use for his stock by reason of said defendant washing and jigging the dirt out of iron ore with water, and wrongfully and negligently permitting the mud and iron ore and muddy water to run down the branch and

ravine and across and upon his land which destroys the use of the water for stock, and the iron and mud left on said land by defendant, he is damaged in the sum of one hundred and fifty dollars, for which he asks judgment against defendant."

On trial of the cause before the circuit court the defendant filed an answer containing a general denial and a plea of former recovery.

There was a trial by jury which resulted in a verdict and judgment for plaintiff for fifty-seven dollars and sixty-six and two-thirds cents, from which judgment the defendant appeals.

The main complaints made on this appeal are, that the complaint states no cause of action and the proof shows none, that the court erred in admitting illegal evidence on the question of damages and former recovery, and gave erroneous instructions to the jury on that subject, and that the court erred in its instructions to the jury on the question of former recovery.

The defendant pleaded and the proof showed that, subsequent to the institution of this suit, to-wit, September 24, 1887, the plaintiff brought another action against the defendant before a justice of the peace; that the complaint filed in such second action was identical with the complaint filed in this, except as to the claim for the *quantum* of damages, which in that action was stated at thirty dollars, and that the plaintiff recovered judgment in that action by default for thirty dollars, the entire amount claimed.

The plaintiff in rebuttal called the justice before whom the second action was tried and asked him what the evidence before him was in said suit. To this question defendant objected, but his objection was overruled, whereupon the justice stated that, as he understood it, the damage stated by plaintiff in his testimony was only for the last thirty days before filing the petition, and that he did not claim damages prior to August 23, 1887. The plaintiff thereupon, on his own behalf, stated in rebuttal that he thought the damages in the last suit

were confined by the testimony to the last thirty days before filing the suit.

It may be conceded that it is not the first suit begun, but the first judgment rendered which controls, whether the action in which it is rendered be instituted before the other or not. Wells Res. Jud., sec. 292; *Child v. Powder Works*, 45 N. H. 547; *Poorman v. Mitchell*, 48 Mo. 45. And that, as far as it goes, a judgment by default is as conclusive as a judgment upon a verdict. *Gifford v. Thorn*, 9 N. J. Eq. 703. On the other hand if it appears *prima facie* that a question has been adjudicated, it may be proved by parol testimony. that such question was not in fact decided in the former suit. Where matters could have been proved in a former action, the presumption is that they were proved, but this presumption may be rebutted and overthrown. *Hickerson v. Mexico*, 58 Mo. 61, 65. We see no reason why this rule should not be applicable to a judgment by default in cases, where, as in the present, the plaintiff has successive rights of action, if any, for successive trespasses, and one recovery is not, as a matter of law, a bar to another.

We must, therefore, conclude that the court committed no error in admitting parol evidence as to the period of time for which plaintiff claimed damages in the second action, and did not commit any error in refusing the defendant's peremptory instruction on the question of former recovery, but instead thereof giving to the jury the following instruction :

"The court instructs the jury that the damages sued for in this action might, under the statement filed September 24, 1887, before John A. Malone, justice of the peace, and read to the jury, have been taken into consideration in that suit, and if the jury believe from the evidence that the proof in that case covered the time embraced in this suit and that the justice in his judgment estimated all the damages the plaintiff had sustained up to the twenty-third of September, 1887, then

the plaintiff cannot recover in this suit and the issues should be found for the defendant."

But we are of opinion that the court clearly erred in the admission of testimony on the question of damages and in its instructions to the jury on that subject. The plaintiff in his statement claimed general damages only. It was held in *Pinney v. Berry*, 61 Mo. 359, 366, 368, that in such event in an action of nuisance of this character, the measure of damages is the loss sustained by the continuance of the nuisance to the rental value of the place. The defendant offered proof on that theory which was excluded. The plaintiff gave evidence of some items of special damage, whereupon this question was put to him : Q. "By reason of the contamination of the water, how much are you damaged ?" An objection made to this question was overruled, whereupon plaintiff answered : "I can hardly answer the question. I say I am damaged fifty dollars up to the twenty-third of August, 1887."

This evidence would have been clearly incompetent even if plaintiff had claimed special damages. The measure of damages is a question of law. The witness must state the facts and then the jury must say upon those facts how much, if anything, the plaintiff has been damaged according to the measure of damages declared by the court. *Belch v. Railroad*, 18 Mo. App. 80, 85 ; *Kennedy v. Holladay*, 25 Mo. App. 514.

The following instruction given by the court at plaintiff's instance on the question of damages was likewise erroneous :

"1. The court instructs the jury that if they believe from the evidence that the defendant flowed the stream of water running through defendant's stock lots with muddy and sedimentary water from the iron dump worked by the defendant and that the said stream was thereby contaminated so as to render the water unfit for stock water, the jury should find the issues for the plaintiff and assess his damages at whatever sum they may find from the evidence the water was worth to the

plaintiff for the time he was so deprived of the use of it prior to the bringing of this suit, August 23, 1887, not to exceed the sum sued for, one hundred and fifty dollars."

If the plaintiff had averred and shown special damages he might have recovered for such damages, but it would have been for the court to state, even then, what elements they might consider as the basis of estimating such damages. To first let the plaintiff state what his damages were, and then tell the jury they may find for him what, under the evidence, the water was worth to him, is equivalent to submitting to the jury the determination of the measure of damages, as well as their extent, upon evidence purely conjectural. It is needless to say that this cannot be done.

The defendant further invokes the rule, that, as far as the pollution of water results only from the reasonable use of the stream in accordance with a common right, the lower riparian proprietor has no remedy, citing *Merrifield v. Worcester*, 110 Mass. 216. We need express no opinion as to the respective rights of riparian owners, and the modification which the common law has undergone of late, owing to the prosecution of extensive industries along the course of running waters. Since the defendant has offered no evidence on a theory justifying the use of the water as charged, the question is outside of the record.

For the error above stated the judgment is reversed and the cause remanded. All concur.