CHARLES KICK, Respondent, v. ROBERT DOERSTE AND G. F. DRESTE, Defendants; G. F. DRESTE, Appellant.

St. Louis Court of Appeals, May 5, 1891.

1. **Mechanics' Liens:** SPLITTING CAUSE OF ACTION. If a subcontractor does work and furnishes materials, under one general contract with the original contractor, upon two buildings situated upon contiguous lots, he is not restricted to one lien therefor, but may file a separate lien against each building ; the statute ( R. S. 1889, sec. 6729 ), allowing him in such case to file one lien against both buildings, does not render that procedure mandatory.

2. ———: SPECIAL CONTRACT : ACTION OF QUANTUM MERUIT. Notwithstanding that a mechanic has a special contract for work done by him, his action need not be upon the contract, but may be for the reasonable value of the work, in which case, however. his recovery for work embraced in the contract must not exceed the contract price.

3. ———: PROOF OF SERVICE OF NOTICE OF LIEN : EFFECT OF AMENDMENT OF STATUTE. At the time of the service of the notice of a mechanic's lien, required by statute, the fact of such service could not be established by the mere official return of the sheriff, but, while an action on the lien was pending, and before the trial, the statute was amended so as to render such return evidence of service. *Held* that the amendment pertained only to the remedy ; that its enactment imposed no new obligation or duty on the defendant, and did not take away from him any vested right ; and that it applied, as a new rule of evidence, to the service of the notice prior to its enactment.

4. **Instructions:** MEASURE OF DAMAGES. The measure of damages is a question of law, and, if the court instructs the jury on the question, it must do so properly and fully. And *held*, under this rule, in an action of *quantum meruit*, wherein the suit was brought for work done under a special contract and for extras, and the verdict exceeded the contract price for the work done under the contract, that an instruction to the jury to assess the damages "at such sum as they may find plaintiff is entitled to recover," was fatally defective.

5. **Mechanics' Lien:** PROOF OF ACCOUNT OF SUBCONTRACTOR. *Semble* that in a mechanic's lien suit, instituted by a subcontractor against both the owner of the land and the original contractor, the subcontractor should be required to prove the items of his account against both of the defendants, unless both made default.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*W. E. Fisse*, for appellant.

*Ed. L. Gottschalk*, for respondent.

BIGGS, J.—The matters in controversy on this appeal are between the plaintiff, who is a mechanic, and the appellant Dreste, who is the owner of a building in the city of St. Louis. The defendant Doerste made a contract with Dreste to construct for him a brick dwelling-house to be erected on a lot belonging to Dreste. The plaintiff, as a subcontractor under Doerste, furnished the materials for, and did the brick work on, the building. Doerste failed to pay him, and in this action he sought a judgment against Doerste, and the enforcement of a mechanic's lien against the building and the lot upon which it is situated. The petition is in form as for a *quantum meruit*, and is accompanied by an itemized account. The jury returned a verdict against Doerste for $782.20, with interest at six per cent. per annum from the seventeenth day of September, 1886, making the total sum of $959, for which judgment was entered against Doerste. The jury also found by their verdict that the plaintiff had perfected his mechanic's lien against the building, and the court, in making the entry of judgment, provided for the enforcement of the lien against the building in satisfaction of the judgment, if Doerste failed to pay. From that judgment Dreste alone has appealed.

Wherever the common law is in force, it is the general rule that there can be but one suit for one cause of action. The appellant contends that this principle is applicable in this case, and that under the evidence the action ought to abate. This is the appellant's first assignment.

To dispose of this assignment we must first refer to the pleadings and the evidence upon which it is predicated. The defendant, Doerste, made no defense. Dreste filed an answer, in which he averred among other things that the house involved in this suit, and another belonging to him on an adjacent lot, were erected under one contract entered into between him and Doerste; that the plaintiff became a subcontractor under Doerste and agreed to do the brick work and furnish the necessary materials therefor, for both houses for the aggregate sum of $1,997; that all the work performed by him was done under this contract; that on the seventeenth day of September, 1886, the plaintiff instituted another action in the circuit court of the city of St. Louis against the defendants to recover from Doerste the reasonable value of the work and materials for the other building; that, on the fifteenth day of April, 1890, he recovered a judgment in that action against Doerste for $1,283.75, and he also had a mechanic's lien established against the building for that amount.

The plaintiff's reply put in issue the new matter contained in the answer.

On the trial it was disclosed by the evidence that the work done by the plaintiff was performed under a parol contract between him and Doerste for both houses, in which the plaintiff agreed to furnish the brick and lay them in the walls for the gross sum of $1,997. Dreste's counsel assumes in his brief that it was conceded that the houses were built under one general contract between Doerste and his client. This is denied by the respondent. The plans and specifications are for

two houses, but we find nothing in the evidence tending to show that there was but one contract. For aught that appears there were two contracts, one for each building. The defendant read in evidence the pleadings and judgment entry in the former action, by which it appeared that that suit and this were instituted at the same time. Doerste made default, and the defendant Dreste filed an answer containing a general denial. The proceeding resulted in a judgment a few months prior to the trial of the present action. It is believed that the foregoing statement will be sufficient for a proper understanding of the legal questions under consideration.

There are two questions involved in this inquiry :

*First.* Whether the rule against the splitting of demands is applicable to mechanic's lien cases, where the work has been performed by a subcontractor in the construction of two or more buildings situated on contiguous lots? *Second.* If the rule applies, is such a defense available to Dreste in this action?

Under our mechanic's lien law, as it stood prior to 1877, the first question would under any view have to be answered in the negative. In 1877 the legislature amended the law by adding the following section, designated in the revision of 1889 as section 6729 : '' When the improvement consists of two or more buildings united together and erected on the same lot or contiguous lots, or upon separate buildings upon contiguous lots, and erected under one *general contract, it shall not be necessary to file a separate lien upon each building* for the work done or materials furnished in the erection of such improvements.''

The defendant's contention is that the section must be construed as mandatory in its requirements, and that, where the facts justify its application, but one lien can be filed,—whether the lienor be an original contractor or not. Hence the argument is made that in

such a case no valid reason can exist against the application of the law, prohibiting the splitting of demands either for suit or for sale or assignment.

We are of the opinion that the defendant's argument in support of this question is unsound, because it is based on a false premise. We do not think that the statute is mandatory in its requirements. If it be conceded that there was but one general contract with Dreste for the construction of the houses, the plaintiff might have filed but one lien on both houses, but there was nothing compulsory about it. The legislature intended by the amendment to the law to extend rather than restrict the rights of mechanics and materialmen in filing liens. The object was to afford the contractor or subcontractor the *privilege* of filing only one lien, if he was satisfied that there was nothing in the way of its enforcement against the entire property. But a case could be readily imagined where it would be impracticable to enforce one lien for work done and materials furnished for two or more houses situated on separate lots. Some third party might have a like lien on only one of the houses, or there might be a mortgage on one of the lots, or different mortgages might exist in favor of different parties against each lot separately. Such conditions or complications might affect materially the enforcement of one general lien. Hence, we conclude that the legislature intended, in such a case, to leave it optional with the contractor or subcontractor to file one or more liens. If separate liens *are* filed the owner might have the right, where third parties are in nowise interested, to have the actions consolidated under section 2189 of the Revised Statutes of 1889, and thus save the costs of defending two actions. When this view of the statute is considered, it must be admitted that the law against the splitting of demands cannot be made to apply to actions for the enforcement of mechanics' liens against houses situated on separate lots.

Kick v. Doerste.

Our conclusion on the first proposition makes it unnecessary for us to decide whether the defense touching the splitting of demands could be made by Dreste, or whether it was available only to the original contractor. This assignment will be ruled against the defendant.

It is next insisted that the lien charge is in excess of what the plaintiff was entitled to recover. It is no objection to the maintenance of a suit like this that there was a special contract for the work. The mechanic is at liberty to abandon the contract and sue for the reasonable value of the work ; but his recovery in such a case, for the work embraced in the contract, must not exceed his contract price. *Jodd v. Duncan,* 9 Mo. App. 417. Now in the first action the judgment was for $1,102.64; in this the recovery was for $782.20 ; the plaintiff admitted that he had been paid on account of the building $298, making a total of $2,182.84. This amount is in excess of the contract price in the sum of $185.84. If the entire work performed by the plaintiff had been included in the contract, then the defendant's assignment would be well taken. This, however, is not the case. The plaintiff's evidence tended to show that the contract was changed in several particulars, and that in consequence of such changes he had to do extra work and furnished additional materials ; and that the value of the additional work and materials was $400. This assignment will be likewise overruled.

It is next claimed by defendant that there was no competent proof concerning the service of the notice of the lien. The only evidence of service was the return of the sheriff indorsed on the notice. The service was had in 1886, and the contention is that, under the law as it then stood ( R. S. 1879, sec. 3190), the fact of service could not be established by the return of the officer. On the other hand the plaintiff claims that, as the case was tried after the revision of 1889 took effect, the sufficiency of this proof must be determined by the law

in force at the date of the trial. In 1889 the legislature amended section 3190 by adding thereto the following : " Such notice may be served by any officer authorized by law to serve process in civil actions, or by any person who would be a competent witness. When served by an officer, his official return indorsed thereon shall be proof thereof, and when served by any other person the fact of such service shall be verified by affidavit of the person so serving." The amendment only pertained to the remedy, and its enactment imposed no new obligation or duty on the defendant, nor did it take away any vested right acquired by him under existing laws. We can, therefore, conceive of no valid reason why this new rule of evidence should not apply in this case. This assignment will also be overruled.

At the plaintiff's instance, the court gave the foling instruction : "The court instructs the jury that, if they find for plaintiff, they will assess the damages against defendant Doerste at such sum as they may find plaintiff is *entitled to recover*, together with interest from September 17, 1886, at the rate of six per cent. per annum."

This instruction is fatally defective. It left the jury free to determine the standard of value according to the notions of each individual juror. It is admitted that the plaintiff agreed to do the brick work and furnish all necessary materials for both houses for the gross sum of $1,997. It was also conceded that he had already recovered a judgment for $1,102.64 on account of work done under this contract, and that he had been paid the additional sum of $298, leaving a balance under the original contract of $596.36. Hence, the jury should have been instructed that, if the work done by the plaintiff was covered by this original contract, he could only recover its reasonable value, as shown by the evidence, not to exceed the sum of $596.36 ; but that, if the plaintiff did extra work, or furnished materials outside of the contract,

then the reasonable value of such extra work and additional materials, as shown by the evidence, ought to be added. While it may be true, as we have shown, that the verdict of the jury finds support in the evidence, yet it is impossible for us to say that the result was reached by the application of the proper rules governing the plaintiff's right of recovery. The measure of damages in all cases is a question of law, and, if the court undertakes to instruct the jury on the question, it must do so properly and fully. *Shenuit v. Brueggestradt*, 8 Mo. App. 47; *Matney v. Gregg*, 19 Mo. App. 107; *Morrison v. Yancey*, 23 Mo. App. 670; *Williams v. Iron Co.*, 30 Mo. App. 662; *Flynt v. Railroad*, 38 Mo. App. 94; *Wilburn v. Railroad*, 36 Mo. App. 203. In this case the jurors were left to decide the case according to their own fancy, without any restrictions or limitations whatever.

For the error in this instruction, the judgment will be reversed and the cause remanded. All the judges concur.

## ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The plaintiff claims that the instruction given by the court had reference to Doerste, the contractor, by name, and was, therefore, harmless. The contractor, although personally served, did not answer but made default, and, as the account was embodied in the petition, it is claimed that the plaintiff was entitled to judgment against *him* for the entire amount claimed, under the provisions of section 2042 of the Revised Statutes of 1889, and, as the amount of the verdict is less than the amount of the claim, the error in the instruction, if there was one, is not prejudicial.

This argument is not tenable under the peculiar facts of this case. The plaintiff's claim was for $955.17, and interest, and the finding of the jury was for $782.20. It is evident, therefore, that the jury did not determine

the recovery against the contractor on the admissions of his default, but upon the evidence. Whether the provisions of section 2042 are applicable to a case, where several defendants are interested in defending against an account, some of whom answer, and some of whom make default, and where the plaintiff, as here, instead of resting his right of recovery against the defaulting defendants upon the admissions of their default, adduces evidence to substantiate the account against all the defendants, is a proposition which we need not decide. As the admissions of record of the contractor in lien suits are not binding on the owner, it would seem to be the juster rule, and the one leading to the least complications, that the plaintiff seeking to establish his lien should be required to prove up the items of his account against both defendants in such cases, unless both make default.

The motion for rehearing is denied. All the judges concur.