N. H. CARLE *et al.*, Respondents, v. CITY OF DE SOTO *et al.*, Defendants; HENRY LEPP *et al.*, Appellants.

St. Louis Court of Appeals, October 29, 1895.

1. **City Council:** LIABILITY OF MEMBERS FOR ILLEGAL MEASURES: PROOF OF PARTICIPATION IN WRONG. The silence of a member of a collective body, such as a city council, when the announcement is made in his presence that a measure has been adopted by such body, does not establish his assent to the measure, or render him liable as a joint tort feasor for tortious acts performed in pursuance of it.

2. **Evidence:** ADMISSIBILITY, WHEN COMPETENT AGAINST ONE OF SEVERAL DEFENDANTS. Evidence which is admissible for any purpose can not be excluded by the court; but a party, against whom it is not competent, is entitled to an instruction asked by him which properly limits its effect. This rule is applied to evidence competent against one only of several defendants.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Dinning & Byrns* for appellants.

*John L. Thomas & Bro.* and *Edward J. Bean* for respondents.

ROMBAUER, P. J.—The plaintiffs recovered a judgment for $2,100 for the death of their minor child against the appealing defendants, who were, at the date of the grievance complained of, councilmen of the city of De Soto. The recovery is sought to be upheld on the ground that the defendants as such councilmen collectively, by an oral contract not binding upon the city, caused a sump or catch basin for a sewer to be dug in a public street of the city and left the excavation

unguarded; that such catch basin became partially filled by water, and that plaintiff's infant son fell into it and was drowned. The city and the defendant Herman, a contractor, secured verdicts in their favor. A verdict and judgment being rendered against the defendant councilmen, they appeal and assign for error the admission of illegal evidence and the court's ruling upon the instructions. The main error assigned and relied on upon the argument is that the evidence does not warrant any recovery against the appealing defendants, and that the court should have sustained their demurrer to the evidence.

The cause is brought here on certificate and abstract. It appears from this abstract that the plaintiffs' child was drowned, but the facts surrounding the accident are omitted. In discussing the merits of the case we will disregard this omission, as all parties conceded on the argument that the accident was due to the unguarded condition of this catch basin, and that the only matter for inquiry was whether the defendants were responsible for the making of the excavation and its unguarded condition.

We have subjected the evidence to a careful analysis, and, giving it the fullest effect in plaintiffs' favor of which it will admit, it tends to show the following facts:

A contract for building a public sewer in the city of De Soto was about to be let by the council to the defendant Herman. This contract included the construction of the two catch basins in connection with the sewer, but there is nothing before us indicating the exact location of these catch basins. Herman objected to taking the contract in that form, and thereupon the construction of the catch basins was omitted from the contract, and it was let to him for the residue of the work. At the same meeting of the council a separate appro-

priation of $50 was made by the council to defray the expense of making two catch basins. The resolution on that subject reads as follows: "Moved and seconded that the council appropriate $50 for the purpose of making catch basins for the Boyd street sewer." This was the last collective action of the council in the premises. At the same meeting of the council, all of the defendant councilmen being present, one of their number told Herman, in the presence of the others, to get a man and expend the $50 thus appropriated in the construction of the catch basins. It appeared that, prior to this time, the councilmen had discussed the matter between themselves, although the witness could not remember their conversation. It is not pretended that any definite directions were given to Herman to have this catch basin erected in "Allen Place," which is the public street in question, nor is it pretended that the direction left it optional with him where to cause the construction of the catch basins. It clearly appeared that no vote on the question was taken, and that the assent of the other councilmen to what one of their number said must be gathered, if at all, from their silence.

The city of De Soto is a city of the third class. The law provides in regard to such cities that the mayor and council shall have power, by ordinance, to provide for the construction of culverts and public sewers, and that, before the council shall make any contract, an estimate of the cost thereof shall be made by the proper officer and submitted to the council. The law also provides that the council shall keep a journal of its proceedings, and the yeas and nays of the members shall be entered on any question at the desire of any two members. The liability of all the members of the council present on this occasion, save one, is sought to be supported on the theory that, as the contract for the catch basin was not made in con-

formity with these legal requirements, the members of the council became individually responsible, as agents exceeding their authority, for all consequences resulting from the improper construction and guarding of this catch basin, and that upon the theory of assent by silence.

We must conclude that such an argument is untenable and inapplicable to a collective body. Silence can be equivalent to a direction only when the party charged with having directed the act is under a legal obligation to manifest his dissent, and then only on the theory of estoppel. Since the decision of collective bodies is made by their majority, one who expresses such decision, even in the presence and hearing of his colleagues, does not, by any admissible inference, express the direction of *every* member of the body, nor is one in the minority under any obligation to manifest his dissent. Thus it will be seen that in the case at bar, giving to plaintiffs' evidence its utmost effect, and, giving the plaintiffs the benefit of all admissible inferences, there was no evidence before the jury on which the members of the council who were present on that occasion could be estopped by their silence. Yet the court seemed to have tried the case on that theory, as would appear not only from the remarks of the court in ruling upon the evidence, but from the following instruction asked by the plaintiffs and given by the court:

"If you believe from the evidence that said 'Allen Place' was within the limits of the city of De Soto after the year 1883 and up to and including the twenty-seventh day of November, 1892, and that during said period it was used and traveled by the public as a public street or highway; and if you further find from the evidence that the defendants, Henry Lepp, Henry Kempe, Charles Becker, John N. Hassler,

David McDowell, W. H. Harris and Gust Hamel, or any of them, requested or directed the defendant Otto Herman to dig the basin in said 'Allen Place' mentioned in the evidence, or to cause the same to be dug, and that said Herman dug or caused said basin to be dug therein, and that said Herman and the other defendants above named, or any of them, negligently and carelessly failed to protect said basin by sufficient barriers or coverings, or otherwise, so as to make said 'Allen Place' around said basin reasonably safe for those who might use said 'Allen Place' as a public highway (if you find from the evidence that said 'Allen Place' was used by the public as a highway), and that said basin afterward became filled with water; and if you further find from the evidence that, while said basin was so filled with water and unguarded and unprotected, Frederick J. Carle while on said 'Allen Place' on the twenty-seventh day of November, 1892, fell into said basin and was drowned, without negligence or the want of ordinary care on plaintiffs' part, and said Frederick was the son of plaintiffs and under the age of twenty-one years; and if you further believe from the evidence that, at the time he was drowned (if you so believe from the evidence), said Frederick J. Carle was exercising such care and diligence as is usually exercised by an ordinarily careful child of his age and experience under like circumstances, then you will find for the plaintiffs.''

It is true that the court at the defendants' instance gave an instruction to the jury that they could not hold any of the councilmen liable, unless they found that such councilmen had requested Otto Herman to have someone to dig the excavation in question in the street called "Allen Place," but, under the instruction given for plaintiffs, the jury were still authorized under the evidence to infer that such request could be implied

from the silence of the other councilmen on the occasion in question. The error in plaintiffs' instruction was, therefore, not remedied by that given on behalf of defendants.

While defendant Herman was upon the stand, he was permitted, against the objections of the defendants, to give evidence which, though admissible against him, was inadmissible against his codefendants. The defendant councilmen objected to this evidence, but the court overruled their objection.

The rule in this state has always been that evidence, which is admissible for any purpose, can not be excluded by the court. The court *may* limit the effect of such evidence when admitted, and is bound to limit it by instruction when requested to do so by the party complaining. *Union Savings Association v. Edwards*, 47 Mo. 445; *State v. Phillips*, 24 Mo. 475, *loc cit.* 484; *Morrison v. Yancey*, 23 Mo. App. 670, *loc cit.* 674. We see no error, therefore, in this ruling of the court; but, for the reasons above stated, the judgment must be reversed and the cause remanded. So ordered. All the judges concur.