MARTIN'S EXECUTORS, Appellants, *vs.* MILLER, ·Respondent.

1. In an action on the case begun before the new practice act, to recover damages caused by the act of the defendant in putting out upon his land fire, which extended to the land of the plaintiff, and burned his fence, the declaration alleged that the defendant *wrongfully* and *negligently* did the act on a specified day of the month, without naming the day of the week. At the trial, the plaintiff sought to recover on the sole ground that the fire was put out on *Sunday,* which fell upon the day of the month named in the declaration, and so the act of the defendant was *unlawful,* and he responsible for all its consequences. *Held,* under the declaration, this ground of recovery could not be made available, if at all.

### *Appeal from Andrew Circuit Court.*

This was an action on the case commenced in 1847. The declaration contained two counts. The first count alleged that, on the 28th day of March, 1847, the defendant " wrongfully and unjustly" set fire to prairie grass on or near his land, and that the fire extended to the land of the plaintiff and burned his fence. The second count was substantially the same, except that it charged that the defendant " wrongfully, *negligently* and unjustly" set out the fire. The facts in proof appear in the opinion of the court when the cause was formely here. (16 Mo. Rep. 508.) It was in evidence that the defendant set out the fire on *Sunday,* the 28th of March, 1847. Among other instructions, upon which no question is here made, the jury were directed that it was immaterial to the issues whether the fire was set out on *Sunday* or not.

*Gardenhire,* for appellant. 1. It was matter of judicial notice that the 28th of March, 1847, was Sunday, and it was not necessary to expressly charge it in the declaration. (1 Chitty's Plead. 249.) But if it was necessary, there was no demurrer to the first count. 2. It is well settled that, if a party be engaged in an unlawful act, he is responsible to all persons for injuries resulting from it, without any fault of their's. (1 Chitty's Plead. 145, 148. 2 Pick. 623. 1 Cowen, 78. 6 Cowen, 191.)

*Hall* and *Vories*, for respondent. 1. Under a declaration for *negligently* setting out the fire, the plaintiff could not recover for the unlawful setting out fire on *Sunday*. (1 Chitt. Plead. 267, 244, 409. 9 Barb. S. C. Rep. 158. 18 Mo. Rep. 403. 3 Watts, 255. 1 Stark. Ev. 372, 374.) It was not a material averment that the day upon which the fire was set out was March 28th. Proof of any other day would have enabled the plaintiff to recover. 2. It does not follow that because it is unlawful to labor on Sunday, the plaintiff can recover damages in a civil action for a violation of the statute.

Scott, Judge, delivered the opinion of the court.

This case was formerly here, and is reported in the 16 Mo. Rep. 508. The only question now presented for our determination is, whether, if the defendant fired his land on Sunday, he was not a wrong doer, and liable for all damages resulting from his illegal act.

It will be borne in mind that the declaration is at common law, (this action having been commenced in October, 1847,) and for damages resulting from the act of firing the defendant's land, from which the fire escaped and burned the rails and fence of the plaintiff. The act is alleged to have been done on the 28th day of March, 1847, which was Sunday.

1. It was argued for the appellant, that the almanac is a part of the law of the land, and that the court will consequently take notice that the 28th day of March, 1847, was Sunday, and being such day, the act of firing his land by the defendant was illegal, and he is liable for all damages flowing from it.

One test by which the materiality of the averment that the kindling the fire was on the 28th of March, 1847, may be ascertained, is to suppose a plea filed to the declaration denying that the fire was kindled on that day. Such a plea would be obviously bad, as it would contain a negative pregnant. The action brought is for negligently keeping fire set out on his land by the defendant. Under this declaration, the plaintiff cannot

try whether the defendant did unlawfully set fire to his land on Sunday, and thereby injure the plaintiff. Had the action been for illegally kindling the fire on Sunday, the declaration should have been framed under the section of the statute prohibiting labor on that day, and have negatived the exceptions therein contained. The declaration in this case is clearly bad as a declaration under that section of the staute.

It will not be necessary to cite authority to show that, under a declaration for one cause of action, another and a different cause of action cannot be tried.

Judge Ryland concurring, the judgment will be affirmed.