Melvin v. The St. Louis & San Francisco Railway Co.

MELVIN v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, *Appellant.*

1. **Railroads** : NEGLIGENCE : PLEADING. A complaint which states "that defendant, in the said month of May, through its agents and servants, negligently permitted fire to escape from defendant's engines upon said road, whereby fire was communicated to plaintiff's fence," etc., is too indefinite as to to time, and upon motion should be made more specific in that particular.

2. **Practice** : PLEADING. It is error to submit to the jury an issue of fact concerning which no allegation is made in the pleading.

*Appeal from Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED.

*John O' Day* for appellant.

(1) The court erred in overruling defendant's mo-

tion to require plaintiff to make his petition more specific and certain. Defendant had a right, when properly asked for, to have the occurrence of the negligence confined within reasonable bounds. It was easy for plaintiff to have stated this. It was all important to defendant to have it done. *Allerby v. Powell*, 29 Mo. 429; *State v. Sherman*, 42 Mo. 210. (2) Error was committed in submitting to the jury evidence that defendant was guilty of negligence in permitting dry grass to accumulate upon its right of way. There was no such allegation in the petition. *Ely v. Railroad*, 77 Mo. 34; *Buffington v. Railroad*, 64 Mo. 246; *Eden v. Railroad*, 72 Mo. 212; *Bell v. Railroad*, 72 Mo. 50; *Price v. Railroad*, 72 Mo. 416; *Waldhier v. Railroad*, 71 Mo. 514; *Kenney v. Railroad*, 70 Mo. 252; *Carson v. Cummings*, 69 Mo. 325; *Bank v. Murdock*, 62 Mo. 70; *Weil v. Green Co.*, 69 Mo. 281.

*C. D. Jamison* for respondent.

PER CURIAM.—The complaint states "That defendant, in said month of May, through its agents and servants, negligently permitted fire to escape from defendant's engines upon said road, whereby fire was communicated to plaintiff's fence," etc. No reason is assigned by the plaintiff why he could not state with more certainty the time when the fire escaped from the engine. Reason and justice dictate that the complaint should be more specific in this respect, to the end that the defendant may be able to determine who of its agents were in charge of the train, and thereby prepare for the trial of the issues. The motion to make the complaint more specific in this behalf should have been sustained.

There is no charge whatever of negligence in permitting dry grass to accumulate upon the right of way, and it was error to submit the cause to the jury upon

that issue, for it was not made by the pleading. *Kenney v. Railroad*, 70 Mo. 252.

The judgment is reversed and the cause remanded.