PETER WELSH, Respondent, v. JAMES STEWART *et al.* Appellants.

### St. Louis Court of Appeals, June 5, 1888.

1. PRACTICE—INSTRUCTION—EXEMPLARY DAMAGES.—When a petition is framed strictly on the theory of compensation only, and states no case under the law for a recovery of exemplary damages, it is error to instruct the jury on any hypothesis for an award of exemplary damages.

2. PRACTICE—INSTRUCTION—TRESPASS.—An instruction declaring the law to be " that no person shall enter upon land or tenements in the possession of another except such entry is given by law, and then only in a peaceable manner," states the law correctly and appropriately in an action to recover damages for such an entry and is not objectionable as a mere abstract proposition, when introductory to language which applies the proposition to the hypothet sis of fact furnished by the plaintiff's evidence.

3. PRACTICE—DIFFERENT CAUSES OF ACTION IN THE SAME COUNT. When two causes of action are blended in a single count of the petition, the defendant must object either by a motion to compel the plaintiff to elect between them, or by a demurrer, and cannot take advantage of the irregularity after verdict, by a motion in arrest.

4. TRESPASS—UNAVAILABLE DEFENCE.—It is no answer to an action for a trespass, that the defendant was acting as agent or contractor for another. In such cases, all participants are liable as principals.

APPEAL from the St. Louis Circuit Court, HON.
DANIEL DILLON, Judge.

*Reversed and remanded.*

FISHER & ROWELL, for the appellants: The court
below erred in instructing the jury that they might give
vindictive damages. The evidence did not warrant such
an instruction, and it greatly prejudiced the defend-
ants' case. *Joice v. Branson*, 73 Mo. 28; *Whalen v.
Church*, 63 Mo. 326; *McKeon v. Railroad*, 42 Mo. 79,
85, 86; *Merrill v. City*, 12 Mo. App. 466; *Morgan v.
Durfee*, 69 Mo. 478; *Railroad v. Quigley*, 62 U. S. 214;
*Eddleman v. Transfer Co.*, 3 Mo. App. 507; *Kennedy
v. Railroad*, 36 Mo. 365; *Hawkins & Co. v. Riley*, 17 B.
Mon. 101; Field on Damages, secs. 23, 25, 26, 69, 70, 71,
116; Cooley on Torts, 692, 694; 2 Greenl. Evid., secs. 270,
272. Instruction number three, given for plaintiff,
should not have been given. Besides declaring for vin-
dictive damages, it contains legal propositions and terms
calculated to mislead the jury. *Wiser v. Chesley*, 53
Mo. 547; *Digby v. Ins. Co.*, 3 Mo. App. 603; *Atteberry
v. Powell*, 29 Mo. 429; *Dyer v. Brannock*, 2 Mo. App.
432; *Mueller v. Ins. Co.*, 45 Mo. 88; *McDermott v.
Donegan*, 44 Mo. 91; *Huffman v. Ackley*, 34 Mo. 277;
*Turner v. Loler*, 34 Mo. 461; *Franz v. Hilderbrand*, 45
Mo. 121. Instructions one, three, and four, given for
plaintiff, conflict with those given for defendants, and
entirely ignore the grounds of the defence. It was,
therefore, error to give them. *Henschen v. O'Bannon*,
56 Mo. 289; *Buel v. Trans. Co.*, 45 Mo. 562; *Ott v. Bent*,
48 Mo. 23; *State v. Nauert*, 2 Mo. App. 295. Instruc-
tion number three, offered by defendants and refused,
should have been given. If defendants were employed
and directed to take down the building in question, by the
owner McLean, and landlord of plaintiff, then McLean,
and not these defendants, was liable to plaintiff. The
court below erred in not giving instruction number five
refused. The defendant Stewart is not liable. He was

not present when the alleged trespass was committed, and gave no directions to any one in regard to it, and was not represented, even by an employe. Under the whole evidence the verdict should have been for him, and the court should have so instructed. It was error for the jury to return a verdict for a lump sum. They should have assessed the damages to property and person and for punishment separately. And for their failure to do so the motion in arrest of judgment should have been sustained. *Brunsden v. Humphrey*, 14 Q. B. Div. 141; *Homes v. Sheridan*, 1 Dillon's C. C. (U. S.) 351; *Scott v. Robards*, 67 Mo. 291; Pomeroy's Remedies and Remedial Rights, 494; *Bricker v. Railroad*, 83 Mo. 391; *State ex rel. v. Dulle*, 45 Mo. 271; *Pitts v. Fugates*, 41 Mo. 405; *Mooney v. Kennett*, 19 Mo. 553; *Clark's Adm'r v. Railroad*, 58 Mo. 396; *Cattell v. Dispatch Co.*, 15 Mo. App. 587.

A. R. Taylor, for the respondent: In all cases of wilful trespass upon a party's premises, and especially coupled with the destruction of his property, the law awards punitive damages. *Von Frorstein v. Windler*, 2 Mo. App. 598; *Peckham v. Glass Co.*, 9 Mo. App. 463. There was but one invasion of plaintiff's right, the wrongful entry and trespass; all the injury directly caused by the trespass is but the damage from the single wrong. Our courts have repeatedly held that injury to person and property by the same wrong constitute but one cause of action. *Von Froystein v. Windler*, 2 Mo. App. 598; *Peckham v. Glass Co.*, 9 Mo. App. 463; *Stickford v. City*, 7 Mo. App. 217; s. c. affirmed, 75 Mo. 309.

Thompson, J., delivered the opinion of the court.

This was an action for damages for a trespass. The plaintiff had a verdict and judgment, from which the defendants appeal.

The case stated in the petition was that the plaintiff occupied certain premises for business purposes, and

while lawfully in possession thereof, the defendants, with force and arms, wrongfully and unlawfully entered upon them and tore them down, causing a large amount of dirt, timbers, and *débris* to fall into the building, breaking and defacing the plaintiff's furniture and injuring him in his person; and the petition states the personal injuries at ten thousand dollars; and the injuries to the property at five hundred dollars, and claims judgment in the sum of ten thousand and five hundred dollars. The answer was merely a general denial and a plea of contributory negligence. The evidence of the plaintiff tended to show that he had long been a tenant of the tenement in question, under a verbal letting by Dr. McLean, the owner; that Dr. McLean employed the defendants to tear down the building for the purpose of making improvements, and that they began tearing it down while the plaintiff was still in it, inflicting upon him the injuries complained of. The evidence adduced by the defendants was to the effect that the plaintiff, having received notice from Dr. McLean of his intention to tear down the building for the purpose of making the improvements, agreed with Dr. McLean that the work might go on, and that he, the plaintiff, would either move out, or, if he remained in it, take his chances of injury. The errors assigned are of such a nature that it seems unnecessary to enlarge upon the evidence beyond this meager statement.

I. The first assignment of error is, that the court erred in instructing the jury that if they should believe that the defendants, in committing the trespass, were actuated by ill-will against the plaintiff, or by a wilful disregard of the plaintiff's rights, they might award exemplary damages. The contention is that there was no evidence which rendered an instruction upon the subject of exemplary damages appropriate. On this question the members of the court are not quite agreed except as to the result. My associates are of the opinion that the evidence does not warrant the giving of such damages against either defendant. Upon this point I am not

prepared to say that I agree with them, but I do not think it necessary or proper to state the reasons of my disagreement further than to say that it seems to me that the plaintiff's evidence, if believed, makes out a case upon which he is entitled to take the opinion of the jury on the subject of exemplary damages, within the reasoning of the Supreme Court in *Goetz v. Ambs*, 27 Mo. 29, which is our leading case on the subject. I do not think that there is any evidence of ill-will on the part of the defendants against the plaintiff, which is one of the hypotheses in the above instruction. But I am not clear that we can say upon this record that the amount of damages to property which the plaintiff rehearses, assuming his evidence to be true, could have been committed without "a wilful disregard" of his rights. My associates find support for their conclusion in the consideration that there is no evidence showing that the plaintiff ever advised the defendants, while the mischief was going on, that he was still on the premises or that either of them knew that such was the fact, or that the plaintiff advised them that his property was endangered by what they were doing; and further, that his own evidence showed that he did not request them to stop tearing down the building. But I do not see how they could commit the amount of mischief which he describes without knowing that they were doing it; nor do I agree to the view that where a body of men tear a man's house down over his head, committing such an amount of injury to his property as the plaintiff describes, the principal actors are not liable for exemplary damages by reason of the fact that the householder does not solicit them to desist.

The grounds on which exemplary damages may be awarded have been pretty clearly set forth in this state, though not with entire uniformity, by a long line of decisions. In *Goetz v. Ambs*, *supra*, the right to such damages is predicated upon the fact of the trespass being "wilful or intentional," in which case the court say, "the idea of compensation is abandoned, and that of

punishment is introduced." In *Kennedy v. Railroad*, 36 Mo. 365, it is said that, "to authorize the giving of exemplary or vindictive damages, either malice, violence, oppression, or wanton recklessness must mingle in the controversy and form one of the chief ingredients ; the act complained of must partake something of a criminal or wanton nature." In *McKeon v. Railroad*, 42 Mo. 87, it is said that, "such damages certainly can be given, if ever, in a civil case, only where the injury is intentionally, wilfully, and maliciously done." In *Franz v. Hilterbrand*, 45 Mo. 123, it is said : " Where there are no circumstances of aggravation, the damages should be compensatory only. Where, however, the act is aggravated, and where there has been fraud, oppression, malice, or gross negligence, a different rule is adopted, and the jury is allowed to award exemplary damages, not only to compensate the sufferer, but also to punish the offender." In *Engle v. Jones*, 51 Mo. 316, it is said : " Unless the trespass is committed in a wanton, rude, or aggravated manner, indicating oppression, malice, or a desire to injure, the damages should be compensatory only." In *Doss v. Railroad*, 59 Mo. 33, it is said that, "where the agents of a corporation act wantonly or maliciously, the corporation may be held to answer in exemplary damages." In *Brown v. Plank Road Company*, 89 Mo. 155, which was an action for damages grounded upon negligence, the judgment was reversed, because among other errors, the court gave an instruction authorizing the award of exemplary damages, whereas there was "nothing in the evidence to show that the failure of defendant to remove the obstruction thus occasioned was either wanton or malicious, one or the other of which elements must appear to justify the awarding of punitive damages." This decision, it is perceived, abandons the conception of the court in *Franz v. Hilterbrand*, *supra*, that such damages may be given in the case of gross negligence. In view of this last decision, the members of the court do

not disagree upon the question that, in order to author-
ize the giving of exemplary damages, the injury must
be "either wanton or malicious"; but, disagreeing, as
already stated, in regard to the application of this prin-
ciple to the evidence in the present case, the judgment
of the court nevertheless is that the trial court erred in
giving the instruction above stated.

But we are all agreed that in this case no instruction
authorizing exemplary damages should have been given,
for the reason that the petition does not state a case
which will support the recovery of such damages, and
it is a rule in this state that it is error to give instruc-
tions upon a state of case not made by the pleadings.
*Melvin v. Railroad*, 89 Mo. 106 ; case cited in 2 Stark.
Dig. 325, pl. 70. We, of course, do not wish to intimate
that it is necessary for the plaintiff, in order to have an
award of exemplary damages, to claim such damages
*by name* in his petition. But this petition is framed
strictly on the theory of compensation. It does not
charge malice or wantonness ; nor does it in any form of
language state that the entry made by the defendants
upon plaintiff's premises took place under the circum-
stances in which the law allows exemplary damages,
within the meaning of the cases already cited. It was,
therefore, error to give the above instruction, and for
this reason the judgment must be reversed.

II.    The next objections relate to other instructions.
These seem to have submitted the case fairly to the jury
upon the hypotheses of fact furnished by the evidence
of the opposing parties. We see no substantial contra-
diction in them. The second instruction tendered by
the defendants and refused, presented their defense in
terms which were substantially embodied in the first
instruction presented by them and given. Indeed, the
proposition of fact embodied in this instruction, that if
the plaintiff consented to the tearing down of the build-
ing and agreed to remain in and take his chances he
could not recover, was given in various forms in no less

than six different instructions tendered by the defend--
ants. There is certainly nothing in the court's action
upon this branch of the case of which they can com-
plain. They tendered no less than sixteen instructions.
The case was a very simple one, such as did not require
numerous instructions in order to make it understood by
the jury; and, on well-settled principles, the court
might have refused all of them by reason of their very
number. We see no error in so much of the third instruc-
tion given for the plaintiff as reads as follows : "The
court instructs the jury that the law is that no person
shall enter upon land or tenements in the possession of
another except such entry is given by law, and then only
in a peaceable manner." This is certainly the law, and
as this was an action for damages sustained by the plain-
tiff in consequence of such an entry, it was appropriate
to the case before the court. Nor was it an abstract
instruction, because it was introductory to the language
which followed in the same paragraph, which applied
this proposition of law to the hypotheses of fact fur-
nished by the plaintiff's evidence.

III. A more substantial objection is, that the peti-
tion contained two causes of action blended in a single
count, one for an injury to the person, and the other for
an injury to the property, of the plaintiff ; but that the
jury were, nevertheless, allowed to return a verdict in a
round sum without assessing damages under each sepa-
rate cause of action. It is to be observed that this ques-
tion was not raised except by a motion in arrest of
judgment. The settled rule in this state is, that where
several causes of action are stated in the petition in as
many counts, the jury must return a distinct finding
under each count, and an assessment of damages in a
lump sum will be a bad verdict on a motion in arrest of
judgment. *Owens v. Railroad*, 58 Mo. 394 ; *Bigelow v.
Railroad*, 48 Mo. 510 ; *State ex rel. v. Dulle*, 45 Mo.
271 ; *Clark's Adm'r v. Railroad*, 36 Mo. 215 ; *Mooney
v. Kennett*, 19 Mo. 551. But this rule has no applica-
tion to a case where two causes of action are blended in

a single count. In such a case, the defendant must object seasonably to the petition, either by a motion to compel the plaintiff to elect for which cause of action he will proceed, as was reasoned in *Mooney v. Kennett, supra,* or by demurrer for misjoinder, according to the suggestions of later cases ; and if he fail to do this, he cannot take advantage of the irregularity by a motion in arrest of judgment challenging the verdict. This was distinctly ruled in *Pickering v. Telegraph Co.,* 47 Mo. 457 ; *House v. Lowell,* 45 Mo. 381 ; *Peckham v. New Lindell Glass Co.,* 9 Mo. App. 463 ; *Dailey v. Houston,* 58 Mo. 361 ; *Fadley v. Smith,* 23 Mo. App. 87 ; *Baker v. Raley,* 18 Mo. App. 567 ; *Union Bank v. Dillon,* 75 Mo. 380. The true rule seems to be that laid down by the Kansas City Court of Appeals, in *Fadley v. Smith, supra,* that where the separate causes of action, which have been improperly blended in one count in the petition, are such as may be joined in the same action, the remedy of the defendant is by motion to compel the plaintiff to elect upon which cause of action he will proceed ; that where the causes of action thus improperly blended are such as *cannot* be joined in the same action, the remedy of the defendant is by demurrer ; and that, in either event, the objection is waived if not thus taken before the trial. We have looked at the decision of the late Supreme Court Commission in *Bricker v. Railroad,* 83 Mo. 391. That was an action which was commenced before a justice of the peace, and the conclusion therein reached is supportable on the ground that the pleader intended to state different causes of action in different counts. The *dictum* in the opinion, intimating that it would make no difference if they were blended in the same count, has not been overlooked by us. But we cannot suppose that it was the intention of the Supreme Court, in adopting that opinion of the commission, to overrule the mass of authority above cited upon this question of practice, and to reinstate the rule of previous cases, themselves overruled—thus throwing our practice in this regard into a

state of confusion, and without even citing the cases intended to be overruled.

IV. The objection that the court should have given an instruction tendered, to the effect that the defendant Stewart was not liable, may be disposed of by Mr. Stewart's own evidence, which was to the effect that he was the contractor for tearing down the building, and that defendant Mills was employed by him. It seems scarcely necessary to refer to the well-known principle of law that all who participate in the commission of a trespass, whether employer or employed, are liable as principals. The circumstance that the building belonged to Dr. McLean, and that he contracted with the defendant Stewart to tear it down, cuts no figure in the case. In cases of nonfeasance, an agent is liable only to his principal ; but in cases of malfeasance, or trespass, he is liable to the person injured, and cannot shield himself by proving that he committed the trespass under a contract with some one else.

With the concurrence of all the judges, the judgment will be reversed and the cause remanded. It is so ordered.