L. N. HOLMES, Respondent, v. THE ATCHISON, TOPEKA
& SANTA FE RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, December 7, 1891, and
February 8, 1892.**

1. **Negligence:** WILFULNESS: INTENTION TO INJURE. In an action
based on the carelessness and negligence of an engineer, an
instruction telling the jury that the terms "careless," "reckless"
and "negligent" do not imply a lack of skill or capacity, but
simply a wilful disregard of ordinary prudence, and the engineer
was wilfully careless, negligent and reckless, etc., does not change
the action and permit a recovery for the wilfulness of the engineer.
There may be a wilful negligence without an intention to injure.

2. ———: CONTRIBUTORY NEGLIGENCE: JURY QUESTION. In this case
the plaintiff's alleged contributory negligence was a question for
the jury and not for the court.

3. **Evidence:** ADMISSIBILITY OF SECONDARY. In this case a sufficient
foundation was laid to justify the admission of secondary evidence
as to a train order.

4. **Verdict:** REMITTITUR. The fact that a verdict may be so excess-
ive as to suggest to the trial court a *remittitur* does not necessarily
suggest that the verdict should be set aside *in toto*.

*Appeal from Chariton Circuit Court.*—HON. G. D.
BURGESS, Judge.

AFFIRMED.

*Gardiner Lathrop, A. W. Mullins* and *S. W.
Moose*, for appellant.

(1) The court erred in giving instruction 2, asked
by plaintiff, in its definition of negligence. "Negli-
gence," "recklessness" and "carelessness" are defined
to be "a wilful disregard of ordinary prudence."
Instruction, numbered 1, asked by plaintiff authorizes
a recovery by plaintiff if the "collision was caused by
the carelessness or negligence of engineer Joslyn." In

other words, a recovery is authorized upon a finding by the jury that the collision was caused by the engineer's "wilful disregard of ordinary prudence." The infirmity of such an instruction is apparent upon an inspection of the petition, which counts upon the "recklessness, carelessness and negligence of one Joslyn, the engineer." The action was for negligence and the instructions permitted a recovery for a wilful act. *O'Brien v. Loomis*, 43 Mo. App. 29, 34; Shearman & Redfield [4 Ed.] sec. 7; *Bindbeutal v. Railroad*, 43 Mo. App. 463; *Pennsylvania Co. v. Sinclair*, 62 Ind. 301; *Pennsylvania Co. v. Smith*, 98 Ind. 42; *Railroad v. Eaton*, 53 Ind. 307; *Railroad v. Graham*, 95 Ind. 286; *Melvin v. Railroad*, 89 Mo. 106; *Kenney v. Railroad*, 70 Mo. 252; *Benson v. Railroad*, 78 Mo. 504; *Fulkerson v. Thornton*, 63 Mo. 468. (2) The admission of the train order addressed to train number 36 was error. This order was not addressed to train number 35, on which the accident happened. Its contents were never communicated to the employes of number 35; and there was no evidence that the order given to the engineer of number 35 was the same as the order to number 36, which the court permitted plaintiff's counsel to read to the jury. (3) There was no competent and legal evidence of the contents of the order given to engineer Joslyn, of number 35. The gist of this action was the alleged violation of that order. The order itself was not produced. There was absolutely nothing to show that the order given to engineer Joslyn directed him to stop at Hart station; there was nothing to show that it was the same as the order to number 36. *Wolf v. Matthews*, 36 Mo. App. 376. (4) The evidence of both plaintiff and defendant disclosed the fact that it was the duty of plaintiff, as a fireman, in the discharge of his duties. to acquaint himself with the contents of the order given to Joslyn. It was his duty, as well as the duty of the engineer, to see that the train orders were complied with. The evidence upon this point was

uncontradicted, and we submit that the court, as a matter of law, should have declared that the plaintiff was guilty of such contributory negligence as to bar a recovery. The facts were undisputed. *Gleason v. Mfg. Co.*, 94 Mo. 201; *Becke v. Railroad*, 102 Mo. 544; *Jennings v. Railroad*, 37 Mo. App. 652; *Pearson v. Railroad*, 33 Mo. App. 543; *Hudson v. Railroad*, 101 Mo. 13. (5) The court erred in directing a *remittitur* and then overruling defendant's motion for a new trial. By so doing the court in effect said that the verdict was erroneous; and that it should have been for $1,200. This is an invasion of the province of the jury who alone are to fix the amount of the damages. The court in ordering a *remittitur* declared that the damages assessed were excessive. Its duty was then to order a new assessment and it erred in failing to do so. *Gurley v. Railroad*, 16 S. W. Rep. 11.

*Harry K. West*, for respondent.

The plaintiff's first instruction is the law. *Nelson v. Railroad*, 85 Mo. 599; *Harper v. Railroad*, 47 Mo. 567; Thompson on Trials, p. 1260; *Devitt v. Railroad*, 50 Mo. 302; *Moss v. Railroad*, 49 Mo. 167; Wood's Law of Master and Servant [2 Ed.] p. 814, and following; Rorer on Railroads, pp. 833-4; *Gibson v. Railroad*, 46 Mo. 163; Redfield on the Law of Railways [6 Ed.] p. 555, and following; Cooley on Torts, p. 558. In giving plaintiff's second instruction the court did not commit error against the appellant materially affecting the merits of the action. The terms "negligence," "carelessness" and "recklessness" mean the want of ordinary care or prudence. Bouvier's Law Dictionary, Webster's Dictionary; *Karle v. Railroad*, 55 Mo. 474-476. The use of the word "wilful" in plaintiff's second instruction was surplusage. *Taylor v. Holman*, 45 Mo. 371. (2) As said by defendant's counsel in their statement, train number 36 received

orders " to meet and pass number 35 at Hart Station."
This is the order that was read in evidence. The
defendant's trainmaster and several other witnesses
testify that it is the custom to deliver duplicate copies
of orders to the conductor and engineer of the trains
concerned. The trains concerned in this order are 35
and 36. The only reasonable conclusion is that the
order which Joslyn had was like the one read in evi-
dence, and required 35 and 36 to meet at Hart Station.
There was sufficient foundation for the introduction of
secondary evidence and the admission of the order given
to the conductor of .train 36 was not error. *Lumber Co.
v. Land & Lumber Co.*, 39 Mo. App. 214–223 ; *McConey
v. Wallace*, 22 Mo. App. 377 ; *Christy v. Cavanaugh*,
45 Mo. 375 ; *Shaw v. Pershing*, 57 Mo. 416. ( 3 ) The
evidence above noted is sufficient to prove to a moral
certainty the contents of the order given to engineer
Joslyn. The order could not be produced. The evi-
dence shows that Joslyn, who last had the order, had
never lived in Missouri, and that immediately after the
accident, he left for unknown parts, and that the plain-
tiff and other servants and officers of the defendant who
testified, had never heard of him since. ( 4 ) On the
showing made out there was no contributory negligence
in the case. The court below, however, submitted the
question of contributory negligence to the jury. This
was all the defendant was entitled to. *Wilkins v. Rail-
road*, 101 Mo. 93–106 ; *Taylor v. Railroad*, 26 Mo. App.
336 ; *Leslie v. Railroad*, 88 Mo. 50. The cases cited
and relied on by appellant's counsel are wholly unlike
the case at bar. ( 5 ) A verdict which is excessive can
be cured by *remittitur*, unless the verdict is the result
of a total disregard of the evidence and the law. *Smith
v. Railroad*, 97 Mo. 359–374 ; *Keen v. Schnedler*, 92
Mo. 516–527 ; *Milling Co. v. Walsh*, 24 Mo. App. 97–102 ;
*Buse v. Russell*, 86 Mo. 209–16 ; *Kimes v. Rail-
road*, 85 Mo. 611–614 ; *Hollender v. Koetter*, 20 Mo.
App. 79–82.

ELLISON, J.—Plaintiff was a fireman on that division of the defendant's railroad extending from Ft. Madison, Iowa, to Marceline, Missouri. Defendant's freight trains are run by telegraphic train orders delivered in duplicate to the engineers and conductors of the trains concerned. The evidence shows that it is the custom of the defendant to require its conductors to preserve such orders as are given to them, but that the orders given to the engineers are not preserved. On the twentieth of September, 1890, plaintiff was firing a freight train running west from Ft. Madison, which train was known as second 35. The engineer on said train was one Joslyn. At Ethel station orders were given to the engineer and conductor of said train 35 to sidetrack at Hart station, and meet first 36, a freight train going in the opposite direction. Engineer Joslyn failed to comply with this order, but ran by Hart station and collided with first 36, resulting in the injury of which plaintiff complains,

The petition charges that the "collision was caused by the recklessness, carelessness and negligence of one Joslyn, the engineer, servant and agent of the defendant, in charge of the locomotive pulling said train, number 35, in failing, neglecting and refusing to sidetrack and hold said train number 35, at Hart station, as was his duty to do; that the injury to plaintiff aforesaid resulted to him solely through the carelessness, negligence and default of the defendant in this, that the said Joslyn was reckless, careless and negligent, and wholly unfit to control and manage said locomotive, all of which facts the defendant well knew long prior to the injury of plaintiff as aforesaid."

Defendant complains of the following instruction given for plaintiff: "The court instructs the jury that the terms 'careless,' 'reckless' and 'negligent' as used in the preceding instruction do not imply lack of skill or capacity, but simply a wilful disregard of ordinary prudence. And although you may believe Joslyn to

have possessed all the qualifications necessary in a competent and skilled engineer, yet if it has been proven that he was wilfully careless, negligent and reckless in running his engine before the injury to plaintiff, and that the defendant company knew of such carelessness, negligence and recklessness before the injury to plaintiff, then the mere fact that Joslyn may have been competent and skilful constitutes no defense to this action." The objection is that the petition is based on the carelessness and negligence of the engineer, and that this instruction permits a recovery for the wilfulness of the engineer. In other words an action for negligence is by this instruction, it is said, changed into an action for a wilful act. And to sustain the objection we are cited to the cases of *Bindbeutal v. Railroad*, 43 Mo. App. 463, and *O'Brien v. Loomis*, 43 Mo. App. 29. These cases cannot be fairly likened to the case under consideration. What is said to have been done by the trial court in this case was done in those cases. But this case is unlike those. If there is error in the instruction it is against the plaintiff, for in it the court in effect tells the jury that the negligence in this case must not be such as arises from mere thoughtlessness or inattention, but must arise from conduct which the engineer knew was imprudent. I can see no reason why a man may not wilfully do an imprudent or negligent act from which injury results, and yet not intend to do the injury. An engineer may deliberately turn his back to the engine without intending to kill anyone on the track. Or a man may knowingly walk into a powder house with a lighted cigar without intending to cause an explosion. We rule the objection against the defendant.

The question of plaintiff's alleged contributory negligence in not reading the train order was submitted to the jury. The facts and circumstances would not have justified the court in declaring, as a matter of law, that he was guilty of negligence. So we think the point

made as to the admission of the train order is not well taken. Sufficient foundation was laid to justify the court's action in this respect.

A *remittitur* of $300 was made on the suggestion of the court below, and the point is made that if the verdict was so excessive as to suggest a *remittitur* that it should have been set aside *in toto*. The case of *Gurley v. Railroad,* 104 Mo. 211, is cited to sustain this point. From an expression in that case it is not clear whether Judge GANTT is speaking for himself or the court, but, however that may be, what he did say is not applicable to the trial court.

Though the *remittitur* was made it does not appear in the judgment, which is for the full amount of the verdict. We will, therefore, direct that on a formal *remittitur* of $300 being made, the judgment will be affirmed for $1,200. All concur.